## In re Macumber

C.P of Monroe County, no. 151 O.C. 2003.

*Keith Welks,* for Henderson.

O'BRIEN, *J.*, December 19, 2003—

### I. FINDINGS OF FACT

(1) William Macumber is a 27-year-old single man who, following an automobile accident in 1995, entered

into a structured settlement agreement. The agreement provided petitioner with an immediate lump sum payment of $30,000 and a series of installment payments of $250 per month starting in May of 2001 and ending in March of 2010.

(2) Being unwilling to await the passage of time to receive his monthly payments, the petitioner sought the services of 321 Henderson Receivables Limited Partnership. That firm has proposed paying Mr. Macumber the sum of $9,521.90 in exchange for his assignment of 69 payments totaling $17,250.

## II. DISCUSSION

Following legislative hearings, which disclosed considerable concern about the abuse of transfers of structured settlement payments by citizens of the Commonwealth, the General Assembly enacted and the governor signed the "Structured Settlement Protection Act" on February 11, 2000. That act provides in pertinent part as follows:

*"Conditions to transfers of structured settlement payment rights*

*"(a) Petition.*—No transfer of structured settlement payment rights shall be effective and no structured settlement obligor or annuity issuer shalt be required to make any payment to any transferee of structured settlement payment rights unless the payee has filed a petition requesting such transfer and the petition has been granted by final order or decree of a court of competent jurisdiction based on such court's express written findings that: . . .

"(3) The payee has established that the transfer is in the best interests of the payee or his dependents.

"(4) The payee has received or expressly waived in a separate written acknowledgment signed by the payee, independent legal advice regarding the implications of the transfer, including consideration of the tax ramifications of the transfer.

"(5) If the transfer would contravene the terms of the structured settlement:

"(i) the transfer has been expressly approved in writing by:

"(A) the payee, the structured settlement obligor and the annuity issuer, provided, however, that such approval may not be unreasonably withheld and further provided that the structured settlement obligor and the annuity issuer shall be required to consent to the transfer if the transferee has agreed to indemnify the structured settlement obligor and annuity issuer from all liabilities arising from the factoring transaction and compliance or noncompliance with this act and further provided that if at the time the payee and the transferee propose to enter into the transfer agreement a favorable tax result is in effect, then the approval of the annuity issuer and the structured settlement obligor shall not be required; and

"(B) any court or responsible administrative authority that previously approved the structured settlement; and

"(ii) signed originals of all approvals required under subparagraph (i) have been filed with the court from which the authorization of the transfer is being sought and originals or copies have been furnished to the payee, the structured settlement obligor and the annuity issuer. [40 P.S. 4003]"

After carefully evaluating the testimony of the beneficiary of the structured settlement agreement, we conclude that an assignment of his rights under that agree-

ment should not be approved. The transfer is clearly not in the best interest of payee William Macumber. The discount rate being charged by 321 Henderson Receivables Limited Partnership is in excess of any interest rate allowed under Pennsylvania law and the payee did not give any coherent or rational reasons for entering such a bad bargain at this time. The circumstances underlying the present petition are dramatic evidence of the wisdom of the legislature in enacting the "Structured Settlement Protection Act."

## III. CONCLUSION OF LAW

The evidence has failed to establish that the transfer is in the best interest of the payee, William Macumber.

## DECREE

And now, December 19, 2003, the petition of William Macumber for court approval of a transfer of structured settlement rights to 321 Henderson Receivables Limited Partnership is denied.